IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RICHARD BASSEY UKOREBI,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE SENTENCE**<br><br>Case No. 2:22-cv-00156-CW<br><br>Judge Clark Waddoups |

Before the court is Petitioner Richard Bassey Ukorebi's pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Mr. Ukorebi's motion seeks a recalculation of his sentencing guidelines, a reduction in his sentence, and a reduction in the amount of restitution he has been ordered to pay. The grounds for the relief sought by Mr. Ukorebi are that he received ineffective assistance of counsel in connection with his sentencing. More specifically, Mr. Ukorebi claims that his counsel provided him with ineffective assistance when she purportedly (1) advised Mr. Ukorebi not to say anything at his sentencing hearing, but to instead submit his thoughts to the court in writing through a letter and (2) failed to show Mr. Ukorebi how the sentencing guidelines were calculated in his case. (ECF No. 1 at 5-7.)

The court has carefully reviewed Mr. Ukorebi's motion and determined that the files and records of the case conclusively show that Mr. Ukorebi is entitled to no relief under Section 2255. Accordingly, the court will deny Mr. Ukorebi's motion, for the reasons explained herein, without seeking a response from the government, as permitted by 28 U.S.C. § 2255(b).

**Background**

On May 13, 2020, Mr. Ukorebi pled guilty to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1), in connection with his involvement in a scheme to defraud dozens of victims of millions of dollars over the internet and funnel the fraudulently obtained money to Nigeria. (Criminal ECF No.[1] 119.)

Following his guilty plea, the probation office submitted its initial Presentence Investigation Report ("PSR") on September 15, 2020, which calculated Mr. Ukorebi's total offense level to be 29 and his criminal history category to be I. (Criminal ECF No. 202 at ¶¶ 48 & 54.) The initial PSR, however, also indicated that the guidelines imprisonment range for Mr. Ukorebi was 97-121 months, which reflects an offense level of 30 and criminal history category of I. (*Id*. at ¶ 74.)

Mr. Ukorebi's initial counsel, whose representation is not the subject of this current motion, advised the probation office of the discrepancy between the calculated offense level and guidelines imprisonment range that appeared in the initial PSR. (Criminal ECF No. 209-1 at 1.) As a result, probation issued a revised PSR on September 21, 2020 that recalculated Mr. Ukorebi's total offense level to be 28, his criminal history category to be I, and his guidelines imprisonment range to be 78-90 months. (Criminal ECF No. 209 at ¶¶ 48, 54, & 74.)

On October 9, 2020, Mr. Ukorebi's initial counsel was granted leave to withdraw from the case. (Criminal ECF NO. 230.) Thereafter, Sharon Preston was appointed by the court to represent Mr. Ukorebi in connection with his sentencing. (Criminal ECF No. 233.) It is Ms. Preston's

---

[1] All references to "Criminal ECF Nos." in this decision are references to docket entries in the criminal case against Mr. Ukorebi in District of Utah case number 2:19-cr-00190-CW.

representation that is the subject of the current motion and Mr. Ukorebi's ineffective assistance of counsel claim.

After Ms. Preston's appointment, the probation office issued a second revised PSR, noting that additional information had been received regarding "the loss amount attributed directly to Richard Ukorebi's actions during the entire conspiracy." (Criminal ECF No. 303-33 at 1.) The second revised PSR recalculated Mr. Ukorebi's total offense level to be 26 and his guidelines imprisonment range to be 63-78 months. (Criminal ECF No. 303 at ¶¶ 48 & 74.)

On July 14, 2021, prior to Mr. Ukorebi's scheduled sentencing, Ms. Preston submitted a letter, signed by Mr. Ukorebi, to the court reflecting Mr. Ukorebi's position with respect to his sentencing. (Criminal ECF No. 340.)

At his sentencing hearing, which also occurred on July 14, 2021, Ms. Preston argued that, based on his lack of criminal history and the sentences received by other co-defendants in the case, Mr. Ukorebi should be sentenced to 26 months or time served. (Criminal ECF No. 367 at 14:2-16.) Mr. Ukorebi was also given the opportunity to make a statement at his sentencing hearing, in which he represented that the letter submitted to the court by his attorney reflected how he "really felt." (*Id*. at 15:1-9.)

After hearing argument from counsel and Mr. Ukorebi's statement, the court accepted the government's recommendation and sentenced Mr. Ukorebi to 51 months in prison, which is 12 months below the guidelines imprisonment range calculated in the second revised PSR, and 36 months of supervised release. (Criminal ECF No. 343 at 2.) The court's judgment also required Mr. Ukorebi to pay $8,485,749.47 in restitution. (*Id*. at 6.)

Mr. Ukorebi did not appeal his sentence. (*See* ECF No. 1 at 7.)

On March 7, 2022, Mr. Ukorebi filed the current motion seeking a reduction in his sentence, and a reduction in the restitution he was ordered to pay, pursuant to 28 U.S.C. § 2255. Mr. Ukorebi's motion claims that he received ineffective assistance of counsel from Ms. Preston in connection with his sentencing because (1) Ms. Preston purportedly advised Mr. Ukorebi not to make a statement at his sentencing hearing and (2) Ms. Preston purportedly failed to explain to Mr. Ukorebi how the sentencing guidelines were calculated in his case. (ECF No. 1 at 5-7.)

## Analysis

28 U.S.C. § 2255(a) provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." It is well-established that one ground for seeking relief under Section 2255 is when a defendant's sentence is affected by trial counsel's ineffective assistance of counsel, in violation of the right to counsel guaranteed by the Sixth Amendment. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.").

"To establish an ineffective-assistance-of-counsel claim, one must show both deficient performance and resultant prejudice to the defendant." *United States v. Babcock*, 40 F.4th 1172, 1176 (10th Cir. 2022) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Deficient performance occurs when counsel's representation falls "below an objective standard of reasonableness." *Id*. at 1176-77 (quoting *Strickland*, 466 U.S. at 688). When considering an ineffective assistance claim, the court starts with the presumption that "absent a

showing to the contrary, . . . an attorney's conduct is objectively reasonable because it could be considered part of a legitimate trial strategy." *Id*. at 1177 (quoting *Bullock v. Carver*, 297 F.3d 1036 (10th Cir. 2002)) (omission in *Babcock*).

It is not the case that any deficiency in counsel's performance rises to the level of ineffective assistance of counsel. An attorney's representation is not ineffective, for example, simply because they "fail to conceive, research, and raise every novel argument that has a chance to prevail." *Id*. (citation omitted). Instead, to show ineffective assistance of counsel, a defendant must show that "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. (quoting *Strickland*, 466 U.S. at 690).

Even if a defendant can show that his counsel's performance was objectively unreasonable, he must also show that he was prejudiced by his counsel's deficiencies to succeed on an ineffective assistance of counsel claim. In order to show prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of an alleged error relating to sentencing, which does not concern a defendant's guilt or innocence, *Strickland* prejudice can be established by showing that an attorney's deficient performance resulted in an increased sentence. *See Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (quoting *United States v. Glover*, 531 U.S. 198, 203 (2001)).

A.   **Advice to Remain Silent at Sentencing Hearing.**

Mr. Ukorebi argues, first, that Ms. Preston's representation constituted ineffective assistance of counsel when she advised Mr. Ukorebi not to speak at his sentencing hearing, but to instead submit his thoughts to the court by letter. Mr. Ukorebi, however, has not submitted any

5

evidence or cited any authority to demonstrate that such advice would have been objectively unreasonable or outside the range of professionally competent assistance. Therefore Mr. Ukorebi has failed to establish that Ms. Preston's performance was constitutionally deficient with respect to advice she gave regarding Mr. Ukorebi's participation in the sentencing hearing.

Moreover, Mr. Ukorebi has offered nothing to demonstrate that he was prejudiced as a result of Ms. Preston's purported advice. Indeed, Mr. Ukorebi did make a statement at his sentencing hearing, in which he represented to the court that the letter filed by Ms. Preston reflected his true feelings. And Mr. Ukorebi has not identified any information that he might have shared with the court during his sentencing hearing that would have resulted in a lower sentence. Accordingly, Mr. Ukorebi has also failed to establish the prejudice prong of his ineffective assistance of counsel claim with respect to Ms. Preston purportedly advising him not to speak at the sentencing hearing.

### B. Failure to Explain Sentencing Guidelines Calculation

Mr. Ukorebi also argues that Ms. Preston's assistance was ineffective when she purportedly failed to explain to him how the sentencing guidelines that were applied in his case were calculated.

The Tenth Circuit has held that a defendant can establish ineffective assistance of counsel where he can show that "counsel failed to understand the basic structure and mechanics of the sentencing guidelines and was therefore incapable of helping the defendant to make reasonably informed decisions throughout the criminal process." *United States v. Washington*, 619 F.3d 1252, 1260 (10th Cir. 2010). In *Washington*, the court found that the defendant's counsel provided ineffective assistance when he failed to understand and advise the defendant that admitting to uncharged criminal conduct may result in a higher guidelines recommendation. *Id*. at 1262.

Under *Washington*, Mr. Ukorebi may be able to establish that Ms. Preston's representation was objectively unreasonable if he can show that Ms. Preston failed to understand how the sentencing guidelines were calculated and/or failed to consult with Mr. Ukorebi regarding how the guidelines were calculated in order to give him the opportunity to provide information that might result in a lower guidelines recommendation.

Mr. Ukorebi, however, has not shown that Ms. Preston failed to understand how the guidelines were calculated. To the contrary, after Ms. Preston was appointed as Mr. Ukorebi's counsel, probation was provided with additional information that caused a revision to the PSR that resulted in a lower guidelines recommendation. And, even assuming that Ms. Preston failed to explain the guidelines recommendation, as Mr. Ukorebi alleges, Mr. Ukorebi has not identified any specific error in the guidelines calculation or pointed to any information that he may have presented to probation that would have resulted in a lower guidelines recommendation. Thus, even assuming arguendo that Ms. Preston's purported failure to explain the guidelines calculation to Mr. Ukorebi was objectively unreasonable, Mr. Ukorebi has failed to show that he was prejudiced by that failure in any way. Mr. Ukorebi has failed to identify any basis for determining that there was any error in the guidelines recommendation that was included in the second revised PSR.

Accordingly, Mr. Ukorebi has also failed to demonstrate that there was any ineffective assistance of counsel with respect to the advice he was given by Ms. Preston with regards to the guidelines calculation.

### C. Restitution

Finally, Mr. Ukorebi argues that the restitution ordered by the court should be reduced because it exceeds the amount of fraudulently obtained funds that were directly attributable to his own conduct.

Section 2255, however, does not grant the court jurisdiction to order a reduction in restitution. *See United States v. Satterfield*, 218 F. App'x 794, 796 (10th Cir. 2007) (citing *United States v. Bernard*, 351 F.3d 360, 360-61 (8th Cir. 2003)) ("Mr. Satterfield cannot challenge the amount of restitution awarded by way of a § 2255 motion, however, because he is not "claiming the right to be released" from custody based on his claim."). *See also Bernard*, 351 F.3d at 360-61 ("We join a majority of circuits in holding that a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody.") (citations omitted).

Because the court does not have jurisdiction under Section 2255 to consider Mr. Ukorebi's request for a reduction in restitution, Mr. Ukorebi's request must be denied.

### D. Denial of Certificate of Appealability

Having concluded that Mr. Ukorebi's motion must be denied, Rule 11(a) of the Rules Governing Section 2255 Proceedings requires that the court "issue or deny a certificate of appealability." The court may only issue a certificate of appealability if it concludes that Mr. Ukorebi has "made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2). Mr. Ukorebi has not made such a showing; therefore, the court must deny a certificate of appealability.

When a "court denies a certificate, a party may not appeal the denial but may seek a

certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings. The time for filing an appeal is governed by Rule 4(a) of the Federal Rules of Appellate Procedure. *See* Rule 11(b) of the Rules Governing Section 2255 Proceedings.

## Conclusion

For the reasons stated herein, the court DENIES Mr. Ukorebi's motion to vacate (ECF No. 1) and DENIES a certificate of appealability.

ENTERED this 18th day of August, 2022.

BY THE COURT:

_____
Clark Waddoups
United States District Judge